**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| Eric Schlueter, individually and as representative of a class of all others similarly situated and on behalf of the BNBuilders, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>vs.<br><br>BNBuilders, Inc., Brad Bastian, Casey R. Blake, Jason Limp, Richard Finlay, the BNBuilders, Inc. Board of Directors, GreatBanc Trust Company, Jeffrey Sebenik, James L. Charpentier, Steven James Awford, Michael Sean Herzog, Ross Hawkinson Brown, Daniel Huber, Tony Alejandro Castillo,<br><br>Defendants. | Case No. 2:25-cv-01713-JHC<br><br>Judge: John H. Chun |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

Plaintiff Eric Schlueter, individually and as Class Representative ("Plaintiff"), has moved, pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving the Settlement of this Action, in accordance with the Class Action Settlement Agreement dated August 31, 2026 (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement

of this Action. Dkt. # 60. The Court, having read and considered the Settlement Agreement, the Motion, and the exhibits thereto, HEREBY ORDERS that:

**1. Definitions.** This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

**2. Settlement.** Plaintiff, on behalf of himself and all Class Members, on the one hand, and Defendants BNBuilders, Inc., Brad Bastian, Casey R. Blake, Jason Limp, Richard Finlay, the BNBuilders, Inc. Board of Directors, GreatBanc Trust Company, Jeffrey Sebenik, James L. Charpentier, Steven James Awford, Michael Sean Herzog, Ross Hawkinson Brown, Daniel Huber, and Tony Alejandro Castillo (collectively, the "Defendants"), on the other hand, have negotiated a proposed Settlement to this Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against the Releasees (as defined in the Settlement Agreement).

**3. Jurisdiction.** This Court has jurisdiction over the subject matter of this Action and over all parties. Venue in this Court is proper.

**4. Preliminary Approval.** The Court hereby preliminarily approves the Settlement Agreement, including the Plan of Allocation, as fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below. The Court finds on a preliminary basis that the Settlement Agreement falls within the range of reasonableness and was the product of informed, good-faith, arm's-length negotiations between the Parties and their counsel and therefore meets the requirements for preliminary approval.

**5. Settlement Class.** The Court certifies a Settlement Class of all participants in the BNBuilders Employee Stock Ownership Plan ("ESOP") on or after December 23, 2021 through December 31, 2025 who held vested stock in their ESOP accounts, and those participants' beneficiaries. Excluded from the Class are Defendants and their immediate family members; any current or former fiduciary of the Plan; any current or former officers and directors of BNBuilders or of any entity in which a Defendant has a controlling interest; and legal representatives,

successors, and assigns of any such excluded persons

**6. Class Representative and Class Counsel.** The Court appoints Plaintiff Eric Schlueter as Class Representative, and the law firm Cohen Milstein Sellers & Toll LLP as Class Counsel.

**7. Final Approval Hearing.** A hearing (the "Fairness Hearing") shall be held before this Court, on December 16, 2026 at 9:00 am at the United States District Court for the Western District of Washington, in the courtroom of Judge John H. Chun, 700 Stewart Street, Suite 14134, Seattle, WA 98101-9906. At the Fairness Hearing, the Court will address any written objections and oral statements from Class Members and will determine, among other things: (i) whether the proposed Settlement of this Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Approval Order should be entered; (iii) whether the Parties should be bound by the Releases set forth in the Settlement Agreement; and (iv) any amount of Attorneys' Fees and Expenses to Class Counsel, and/or a Service Award to the Class Representative for his representation of the Class. Class Counsel shall include the date, time and location of the Fairness Hearing in the Class Notice to be mailed to the Class.

**8. Class Notice.** The Court approves the form and substance of the proposed Class Notice filed with the Motion for Preliminary Approval subject to any changes provided by the Court orally or by written order. The Court further finds that the Class Notice meets the requirements of Rule 23 and due process.

**9. Class Notice Dissemination.** The Court further finds that sending the Class Notice to all Class Members by U.S. Mail based on the ESOP recordkeeper's data is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise Class Members of the pendency of this Action, and to apprise them of their right to object to the proposed Settlement, Class Counsel's request for attorneys' fees, expenses and the requested Service Award, and further provides adequate notice to Class Members of their right to appear at the Fairness Hearing. The Court finds that the Class Notice constitutes valid and sufficient notice

to all persons entitled to notice of the proposed Class Action Settlement.

**10. Class Notice Deadlines.** The Court directs that notice will be sent to all members of the proposed Settlement Class as set forth herein:

a. by September 14, 2026, Defendants will provide the Settlement Administrator and Class Counsel with the Class Data for Class Notice;

b. Within fourteen (14) Days after receiving the Class Data for Class Notice or the entry of this Preliminary Approval Order, whichever is later, the Settlement Administrator shall cause the Class Notice to be disseminated to the Class Members by first class U.S. mail, and shall post the Class Notice and the operative Second Amended Complaint in this action, as well as contact information for the Settlement Administrator and Class Counsel, on a settlement website for the Class;

c. the Class Notice shall be substantially in the form as submitted with the Motion for Preliminary Approval subject to any changes provided by the Court orally or by written order (though the Settlement Administrator shall have discretion to format the Class Notice in a reasonable manner to minimize mailing or administration costs);

d. following the issuance of the Class Notice, the Settlement Administrator shall provide Class Counsel with written confirmation of the mailing; and

e. the Settlement Administrator shall otherwise carry out its duties as set forth in the Settlement Agreement.

**11. Objections.** Any Class Member may object to the proposed Settlement, or any aspect of it, and may object to the requested attorneys' fees, expenses, and the requested Service Award, by filing a written Objection with the Clerk of Court, U.S. District Court for the Western District of Washington, 700 Stewart Street, Suite 14134 Seattle, WA 98101-9906, on or before **twenty-one (21) Days** before the Fairness Hearing (the "Objection Deadline"). A copy of the Objection must also be submitted to the Settlement Administrator by U.S. Mail or email, post-marked or sent by the Objection Deadline. To be valid, the Objection must be in writing and must

set forth, in clear and concise terms: (a) the case name and number (*Schlueter v. BNBuilders, Inc., et al.*, No. No. 2:25-cv-01713-JHC); (b) the name, address, and telephone number of the objector and, if represented by counsel, of their counsel; (c) the complete basis for objection; (d) a statement of whether the objector intends to appear at the Fairness Hearing, and the name of the objector's counsel who will appear at the Fairness Hearing (if any); (e) a statement of whether the objection applies only to the objector, to a specific subset of Class Members, or to the entire Class; and (f) copies of all supporting documents, including any document(s) that the objector or the objector's counsel intends to offer at the Fairness Hearing. Any Class Member who does not make their Objection in the manner provided above shall be deemed to have waived their objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Settlement Agreement, the award of attorneys' fees and expenses to Class Counsel, and/or the payment of Service Award to the Class Representative, unless otherwise ordered by the Court. Responses to objections shall be filed seven (7) days before the Fairness Hearing so long as they are received by the deadline for Objections. If an Objection is received after the deadline, Class Counsel will file the response to the Objection within 7 Days of its receipt.

**12. Appearance of Objectors at Fairness Hearing.** Any Class Member may appear, in person or by counsel, at the Fairness Hearing, to explain why the proposed Settlement should not be approved as fair, adequate, and reasonable. An objector who wishes to appear at the Fairness Hearing must: (a) file with the Clerk of the Court a notice of intention to appear at the Fairness Hearing by the objection deadline ("Notice of Intention to Appear"); and (b) send the Notice of Intention to Appear to the Settlement Administrator and/or Class Counsel at least twenty-one (21) Days before the Fairness Hearing. The Notice of Intention to Appear should include copies of any papers, exhibits, or other evidence that the objector will present to the Court in connection with the Fairness Hearing.

**13. Direct rollover requests**. Any Class Member who seeks to have their recovery from the Net Settlement Fund deposited directly into a qualified retirement account to avoid the withholding of taxes may do so by completing a direct rollover request ("Rollover Form") online

at the settlement website at least twenty-one (21) Days before the Fairness Hearing or by mailing a completed copy of the Rollover Form to the Settlement Administrator (postmarked by the same deadline).

**14. Motion for Final Approval.** The motion in support of final approval of the Settlement shall be filed and served no later than fourteen (14) Days prior to the Fairness Hearing.

**15. Motion for Fees, Expenses, and Awards.** Class Counsel's motion for attorneys' fees and expenses and Class Representative Service Award shall be filed and served no later than forty-two (42) Days prior to the Fairness Hearing, any Opposition to such motion will be filed within fourteen (14) days of the motion, and any Reply filed within fourteen (14) days of the opposition. The Court's approval or disapproval of the Settlement, and the effectiveness of the Settlement Agreement, shall not be contingent on the Court's approval or disapproval of the requested attorneys' fees, expenses, or Service Award. At or after the Fairness Hearing, the Court shall determine whether any application for attorneys' fees and expenses, and any Service Award to the Class Representative, should be approved.

**16. Injunction.** Pending the Fairness Hearing, the Court hereby enjoins any Class Member from instituting, asserting, or prosecuting against any Defendant, in any pending or future action in any federal or state court or any other forum, any Released Claim that the Class Member currently has or may have in the future.

**17. Stay of Proceedings.** All proceedings in this Lawsuit are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

**18. No Merits Determination.** By entering this Order, the Court does not make any determination as to the merits of this case. Nothing in this Order shall be construed, deemed, or used as an admission, concession or declaration by or against any of the Defendants of any fault, wrongdoing, breach or liability.

**19. Continuing Jurisdiction.** This Court retains jurisdiction over this Lawsuit to resolve any dispute that may arise regarding the Settlement Agreement, the Class Notice, the Final

Approval Order, or any other matters relating thereto, including any dispute regarding administration, enforcement, enforceability, interpretation, performance, termination, or validity of the Settlement Agreement, and to consider all further matters arising out of or connected with the Settlement Agreement and the Settlement.

**20.** The following deadlines are entered:

| Event | Deadline |
|---|---|
| Defendants will provide the Settlement Administrator and Class Counsel with the Class Data | September 14, 2026 |
| Deadline for Defendants to send CAFA Notices | September 16, 2026 |
| Deadline for Settlement Administrator to send and post Class Notice | [14 days after receiving Class Data or 14 days after entry of Preliminary Approval whichever is later] |
| Motion for attorneys' fees and expenses, and Service Award for Class Representative | 42 days before Fairness Hearing |
| Deadline for Independent Fiduciary to provide written notification of its determination | 35 days before Fairness Hearing |
| Deadline for Objections to the Settlement and direct rollover forms | 21 days before Fairness Hearing |
| Motion for Final Approval of Settlement | 14 days before Fairness Hearing |
| Deadline for Responses to Objections | 7 days before Fairness Hearing |
| Fairness Hearing | December 16, 2026 at 9:00 am |

**IT IS SO ORDERED.**

Dated: September 2, 2026.

John H. Chun
UNITED STATES DISTRICT JUDGE